UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MANUEL BENTURA CARCHI MINGO,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE DIRECTOR, [1]<br><br>Respondent. | No. 2:26-CV-01902-SAB<br><br>**ORDER DIRECTING BOND HEARING** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus. Petitioner is pro se. Respondent is represented by Jennifer Wong.

Petitioner is a native and citizen of Ecuador. He was encountered and then detained by Immigrations and Customs Enforcement (ICE) on January 17, 2026, during a targeted enforcement operation in Newark, New Jersey. At that time, Petitioner informed immigration officials that he was in the country without permission and that he had not been inspected or released by immigration officials. On February 5, 2026, Petitioner was transferred to the Northwest Immigration Processing Center ("NWIPC"). Petitioner has not yet received or requested a bond hearing.

While the Petition is vague, it appears that Petitioner is alleging a general

---

[1] Respondent is the ICE Field Office Director. However, the proper respondent for a § 2241 petition is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing 28 U.S.C. §§ 2242, 2243). Because Petitioner is currently detained at the Northwest Immigration Processing Center, the proper respondent for this action is the individual in charge of that facility.

**ORDER DIRECTING BOND HEARING** #1

due process claim with regard to his immigration detention, asserting that he is entitled to a bond hearing or immediate release from detention.

Respondent concedes that Petitioner falls within the "Bond Denial Class" definition, as discussed in *Rodriguez Vazquez v. Bostock*, No. 3:25-cv-05240-TMC (W.D. Wash. Mar. 20, 2025). Nevertheless, Respondent argues that the *Bostock* decision was incorrect and contends that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b).

This Court (as well as many other courts in this District) have rejected Respondent's argument that immigration detainees are subject to mandatory detention under § 1225(b) and have held that such detention is actually discretionary under § 1226(a). *See, e.g.*, *Castulo-Cerro v. Hermosillo*, No. 2:26-CV-00437-TMC, 2026 WL 395324 (W.D. Wash. Feb. 12, 2026). In cases where a petitioner was detained without receiving a hearing, courts have found that the appropriate remedy is to order a bond hearing in compliance with 8 U.S.C. § 1226(a). The Court sees no reason to deviate from that approach here.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **The Clerk is DIRECTED to name Bruce Scott, Warden of the Northwest Immigration Processing Center, as a Respondent in this action.**

3. Within fourteen (14) days of this order, Respondents must provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a).

   a. The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) – there must be a contemporaneous record of the hearing, and Respondents bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community;

   b. The IJ shall allow Petitioner to present evidence of financial

**ORDER DIRECTING BOND HEARING #2**

circumstances or alternative conditions of release that would mitigate any potential dangerousness or risk of flight;

4.    **OR**, in the alternative, Respondents shall immediately release petitioner under appropriate conditions of release, if any.

5.    Within 2 business days of the bond hearing or release, Respondents shall file a status report confirming compliance with this order. The status report shall detail if and when the ordered bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 10th day of July 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER DIRECTING BOND HEARING #3**